IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., § | |
| § | |
| Plaintiff, § | |
| § Civil Action No. 3:13-CV-2520-D | |
| VS. § | |
| § | |
| EDITH N. SCARBOROUGH, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") moves for summary judgment against defendants Edith N. Scarborough ("Scarborough") and Liquid Lizard, Inc., d/b/a/ Liquid Zoo ("Liquid Lizard"), alleging a violation of the Federal Communications Act of 1934 ("FCA"), 47 U.S.C. § 151 *et seq.*, which prohibits piracy of radio and television signals. Concluding that Joe Hand has not met its heavy burden of establishing entitlement to summary judgment beyond peradventure, the court denies the motion.

I

Plaintiff Joe Hand is a family owned and operated business that distributes sports and entertainment programming to commercial establishments. By contract, Joe Hand was granted the exclusive domestic commercial distribution rights to the July 3, 2010 broadcast of *UFC 116: Lesnar v. Carwin* (the "Event"). Defendants Scarborough and Liquid Lizard own, manage, operate, and/or control a commercial establishment known as Liquid Zoo. Prior to July 3, 2010, Joe Hand entered into agreements with entities nationwide, allowing

them to legally exhibit the Event to patrons in their commercial establishments. Joe Hand alleges that, rather than purchase the proper commercial distribution rights to the Event from Joe Hand, defendants illegally intercepted and exhibited the Event at Liquid Zoo without authorization from, or payment to, Joe Hand.

Joe Hand filed this suit against Scarborough and Liquid Lizard alleging that they willfully violated 47 U.S.C. §§ 553 and 605 by intercepting and broadcasting the Event at Liquid Zoo without authorization from, or payment to, Joe Hand. Joe Hand also asserts a common law claim for conversion. It now moves for summary judgment on its claim brought under 47 U.S.C. § 605. Defendants oppose the motion.

II

Because Joe Hand will have the burden of proof at trial on its FCA claim, to obtain summary judgment it "must establish 'beyond peradventure all of the essential elements of the claim[.]'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that Joe Hand must demonstrate that there are no genuine and material fact disputes and that it is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

III

The court considers first whether Joe Hand has established beyond peradventure that defendants violated § 605.

A

"The FCA is a strict liability statute that imposes serious penalties on those who intercept, receive and/or broadcast protected communications." *J & J Sports Prods., Inc. v. Restaurant & Taqueria Cristina*, 2013 WL 3878589, at *4 (N.D. Tex. July 3, 2013) (Stickney, J.) (citation omitted), *rec. adopted*, 2013 WL 3878589, at *1 (N.D. Tex. July 29, 2013) (Godbey, J.).  Section 605(a) prohibits "intercept[ing] any radio communication and divulg[ing] or publish[ing] the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person" without authorization "by the sender[.]"  47 U.S.C. § 605(a).  The reference to "any radio communication" includes any transmission of "satellite cable programming," where the programming is encrypted and "an agent or agents have been lawfully designated for the purpose of authorizing private viewing by individuals." *Id.* § 605(b).

To establish liability under § 605, Joe Hand must prove that the Event was shown at Liquid Zoo and that Joe Hand did not authorize such exhibition of the Event. *J & J Sports Prods.*, 2013 WL 3878589, at *4; *see also Joe Hand Promotions, Inc. v. Macias*, 2012 WL 950157, at *2 (S.D. Tex. Mar. 19, 2012) ("The FCA is a strict liability statute, and the plaintiff is required only to prove the unauthorized exhibition of the intercepted transmission.").

B

Joe Hand contends that it is undisputed that, on the date of the Event, defendants intercepted and received, without authorization, the transmission of the Event and broadcast it to the patrons of Liquid Zoo. It relies on the following summary judgment evidence: the affidavit of Christopher McEwan ("McEwan"), a private investigator whom Joe Hand hired, who avers that on July 3, 2010 he visited Liquid Zoo and observed the Event being broadcast to several people on multiple television sets; photographs that McEwan took of the outside and inside of Liquid Zoo on the night of July 3, 2010 showing Liquid Zoo's patrons and the locations of some of Liquid Zoo's television sets[1]; and the affidavit of Joe Hand, Jr. ("Joe"), in which he avers that McEwan observed defendants unlawfully exhibiting the Event at Liquid Zoo on July 3, 2010.

In their summary judgment response, defendants object to McEwan's affidavit, arguing, *inter alia*, that the "facts" stated are contradicted by the other record evidence. They object to Joe's affidavit on the ground that it is not based on personal knowledge and contains hearsay. In opposition to Joe Hand's summary judgment motion, defendants submit the affidavit of Joe Nelson ("Nelson"), an employee of Liquid Lizard, in which he avers that he was the only employee working at Liquid Zoo on July 3, 2010 and that Liquid Zoo did

---

[1]Although the photographs purport to show certain television sets at Liquid Zoo, Joe Hand does not argue that they establish what was being shown on the television sets. The photographs are blurry and of poor resolution and do not establish, beyond peradventure, that the Event was shown at Liquid Zoo on July 3, 2010.

not, on July 3, 2010 or on any other date, illegally intercept and broadcast the Event.[2] Nelson also avers that Liquid Zoo was a subscriber of DirecTV, for which it had a satellite dish, and that it was never the practice of Liquid Zoo to exhibit any events for which a charge was made separate and apart from the monthly DirecTV charges.[3] Defendants also rely on the affidavit of Scarborough, who avers, *inter alia*, that the only programming shown at Liquid Zoo was programming received through Liquid Zoo's subscription and contract with DirecTV, and that "[n]either myself, nor anyone known to me to be associated with [Liquid Zoo], would have any knowledge as to how to accomplish any such illegal interception of the sort which Plaintiff is claiming in this case."[4]  Ds. App. 2.

---

[2] Joe Hand argues that Nelson's affidavit should be stricken because defendants refused to provide, in their interrogatory responses, the work schedules for Liquid Zoo's five employees on July 3, 2010, and because one of the pictures McEwan took shows, "when reviewed closely," a female bartender standing behind the bar of Liquid Zoo on the night of the Event. P. Reply 7. The photograph on which Joe Hand relies, however, does not establish that a female bartender was working at Liquid Zoo on the night of the Event. It shows a figure that appears to be a woman (although even this is speculation because all but the figure's hair and shoulder are covered by the man sitting at the bar) standing near the wall in an area that could be behind the bar or could be beside the bar. Neither defendants' interrogatory responses nor Joe Hand's photographic evidence requires the court to strike Nelson's affidavit.

[3] After the briefing of Joe Hand's motion was completed, the Fifth Circuit decided *J&J Sports Productions, Inc. v. Mandell Family Ventures, L.L.C.*, ___ F.3d ___, 2014 WL 1757307 (5th Cir. May 2, 2014). Because the court is denying summary judgment on the grounds explained in this memorandum opinion and order, it need not address whether the conclusion in *J&J Sports* that § 605 does not apply to the receipt or interception of communications by wire from a cable system in any way affects Joe Hand's motion. *Id.* at *5.

[4] Joe Hand objects to Scarborough's affidavit, contending that defendants' interrogatory response stating that Scarborough was not present at Liquid Zoo on the date of the Event "contradicts and impeaches" the statement in her affidavit that on July 3, 2010

Joe Hand has not established beyond peradventure that the Event was broadcast at Liquid Zoo on July 3, 2010.[5] Although it presents evidence that its private investigator personally observed the Event being broadcast at Liquid Zoo on July 3, 2010, defendants have presented competing evidence that contradicts the averments in McEwan's affidavit. Nor is Joe Hand's photographic evidence determinative of whether the Event was broadcast at Liquid Zoo on the night in question. Accordingly, because a genuine issue of material fact exists regarding whether the Event was illegally broadcast at Liquid Zoo on July 3, 2010, Joe Hand cannot satisfy the heavy beyond peradventure standard, and its motion for summary judgment on its claim under 47 U.S.C. § 605 is denied.[6]

---

"neither [Liquid Zoo] nor anyone associated with or employed by [Liquid Zoo], intercepted, received, or assisted in the receipt of, or the unauthorized transmission of the Event to the patrons of [Liquid Zoo] and absolutely NO acts were committed to wrongfully intercept, receive and/or exhibit any telecast of the Event." P. Reply 3-4 (quoting Ds. App. 1-2). In deciding Joe Hand's motion, the court relies primarily on the affidavit of Nelson, who avers that he *was* present at Liquid Zoo on July 3, 2010 and that Liquid Zoo did not broadcast the Event on that date. Accordingly, the court need not address Joe Hand's objections to Scarborough's affidavit.

[5]"When this court denies rather than grants summary judgment, it typically does not set out in detail the evidence that creates a genuine issue of material fact." *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F.Supp.2d 802, 812 n.8 (N.D. Tex. 2009) (Fitzwater, C.J.) (citing *Swicegood v. Med. Protective Co.*, 2003 WL 22234928, at *17 n.25 (N.D. Tex. Sept. 19, 2003) (Fitzwater, J.)).

[6]Because Joe Hand has not established a violation of the FCA beyond peradventure, the court need not address its arguments regarding damages or defendants' argument that Joe Hand's claim is barred by the statute of limitations.

* * *

For the foregoing reasons, Joe Hand's motion for summary judgment is denied.

**SO ORDERED.**

June 3, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE